Matter of Micale (2023 NY Slip Op 03661)

Matter of Micale

2023 NY Slip Op 03661

Decided on June 30, 2023

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ. (Filed June 30, 2023.) 
 
&em;

[*1]MATTER OF KERILYN E. MICALE, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 21, 2010. On October 4, 2022, she was convicted upon her plea of guilty in Onondaga County Court of falsifying business records in the second degree (Penal Law § 175.05 [1]), a class A misdemeanor. The plea was entered in satisfaction of certain charges alleging that, in 2017 and 2018, respondent submitted to the Onondaga County Assigned Counsel Program (OCACP) payment claim vouchers that contained false statements or false information. During the plea colloquy, respondent admitted that, in 2018, she made or caused to be made a false entry in the business records of OCACP. In conjunction with the plea, respondent agreed to make restitution in the amount of $105 and, in December 2022, County Court sentenced her to an unconditional discharge.
On April 14, 2023, this Court entered an order pursuant to Judiciary Law § 90 (4) finding that respondent had been convicted of a "serious crime," suspending her on an interim basis, and directing her to appear and show cause why a final order of discipline should not be entered based on the conviction. Respondent appeared before this Court on June 13, 2023, at which time her counsel presented matters in mitigation.
In determining an appropriate sanction, we have considered that, by virtue of her guilty plea, respondent has admitted that, on one occasion, she filed an assigned counsel voucher with the intent to defraud (see Penal Law § 175.05 [1]). We have also considered the substantial matters in mitigation submitted by respondent, including her otherwise unblemished grievance record, the numerous letters of support from colleagues, former clients, and others attesting to her good character and commitment to the legal profession, and her statement that the conduct at issue in the criminal proceeding occurred while she was experiencing mental health issues, which were exacerbated by her overwhelming caseload and for which she has sought treatment.
Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of three months, effective April 14, 2023.